## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CHERYL STUBBS,
an individual,

       Case No.:

     Plaintiff,

v.

MISSOURI HIGHER
EDUCATION LOAN
AUTHORITY,
d/b/a/ MOHELA,
a corporation,
EDFINANCIAL SERVICES, LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

     Defendants.

_____/

## <u>COMPLAINT</u>

**COMES NOW**, Plaintiff, CHERYL STUBBS (hereinafter, "Plaintiff"), by

and through the undersigned counsel, and hereby sues Defendants, MISSOURI

HIGHER EDUCATION LOAN AUTHORITY, d/b/a/ MOHELA (hereinafter,

"MOHELA"), EDFINANCIAL SERVICES, LLC (hereinafter, "EdFinancial"),

EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and

TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively,

1

"Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.     This is an action brought by an individual consumer for damages for MOHELA and EdFinancial's violation of the Fair Credit Reporting Act ("FCRA") wherein MOHELA and EdFinancial unlawfully reported an alleged student loan account balance in Plaintiff's consumer credit files as maintained by Experian and Trans Union.

2.     More specifically, despite Plaintiff advising MOHELA and EdFinancial that she did not owe a balance on the alleged account, and after Plaintiff disputed MOHELA and EdFinancial's reporting of such erroneous information directly to Experian and Trans Union, MOHELA and EdFinancial *continued* to report the inaccurate account balance.

3.     Furthermore, this is an action for damages for Experian's and Trans Union's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") FCRA wherein Experian and Trans Union each continued to incorrectly report Plaintiff as responsible for the alleged MOHELA/EdFinancial account balance after Plaintiff repeatedly advised that such balance was not owed, and after Plaintiff provided information to Experian and Trans Union proving the same.

## JURISDICTION, VENUE & PARTIES

4.      Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq.*

5.      Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

6.      Venue is proper in this District as the acts and transactions described herein occur in this District.

7.      At all material times herein, Plaintiff is a natural person residing in Broward County, Florida.

8.      At all material times herein, MOHELA and EdFinancial conduct business in Florida.

9.      At all material times herein, MOHELA is a corporation existing under the laws of the state of Missouri, with its principal place of business located at 633 Spirit Drive, Chesterfield, Missouri 63005.

10.     At all material times herein, EdFinancial is a foreign limited liability company existing under the laws of the state of Nevada, with its principal place of business located at 298 North Seven Oaks Drive, Knoxville, Tennessee 37922.

11.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

12.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of

3

business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

13.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  See 15 United States Code, Section 1681b.

14.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. Id. at § e(b) (emphasis added).

15.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge— and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  Id. at § i(a).

16.     Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information

submitted by the consumer.  Id. at § i(a)(4).

17.   Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  Id. at § i(a)(5).

18.   Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  Id. at § s-2(b).

19.   Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by

the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  Id. at § n.

20.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.  Id. at § o.

## **GENERAL ALLEGATIONS**

21.    At all material times herein, Plaintiff is an alleged "consumer" as defined by the FCRA, Section 1681a(c) because she is an individual and allegedly obligated to pay a debt.

22.    At all material times herein, MOHELA and EdFinancial, themselves and through their subsidiaries, regularly extend student loans—and credit report debts associated with the same—allegedly owed by consumers residing in Broward County, Florida.

23.    At all material times herein, MOHELA and EdFinancial are each a "person" who furnish information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

24.     At all material times herein, MOHELA and EdFinancial each furnish information to Experian and Trans Union concerning an alleged delinquent balance on an alleged student account referenced by account number beginning 55- and/or 14- (hereinafter, the "Alleged Debt" or the "Account").

25.     At all material times herein, MOHELA and EdFinancial each furnish, report, and publish specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

26.     At all material times herein, Plaintiff's student loans were extinguished by a discharge issued by the United States Department of Education/Federal Student Aid ("FSA") wherein FSA waived any alleged debt owed by Plaintiff regarding the Account.

27.     Notwithstanding the immediately-aforementioned discharge, MOHELA and EdFinancial each failed to accurately report the Account with a zero-dollar balance due to Experian and Trans Union, and instead reported the Account with an alleged balance due in exccess of $18,000.00.

28.     At all material times herein, MOHELA and EdFinancial furnish incorrect and/or incomplete information concerning the Account to Experian and Trans Union —continuing after Plaintiff's repeated disputes—despite the discharge of Plaintiff' student loans wherein any alleged debt owed by Plaintiff with respect to the

7

Account was waived.

29.     MOHELA and EdFinancial furnish, report, and publish specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit, employment, housing, or insurance.

30.     At all material times herein, Experian and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

31.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

32.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## **FACTUAL ALLEGATIONS**

33.     During or around September 2015, Plaintiff attended Everest Institute in Fort Lauderdale, Florida.

34.     Plaintiff obtained student loans (i.e., the Account) from the United States Department of Education/Federal Student Aid ("FSA") to pay tuition fees to Everest Institute.

35.     Plaintiff's student loan Acccoun was initially serviced by MOHELA and were later serviced by EdFinancial.

36.     On or about November 17, 2022, the FSA sent an email to Plaintiff, wherein the FSA advised that Plaintiff's student loan accounts from attending Everest Institute were eligible for a full discharge.

37.     Further, the FSA's email advised Plaintiff that she was no longer personally responsible for any alleged balance owed on her student loan accounts.

38.     Importantly, the FSA's email advised Plaintiff that her credit reports would be updated to reflect the discharge.

39.     As such, Plaintiff no longer owed a balance to MOHELA and/or EdFinancial as of November 2022.

40.     During or about July 2023, Plaintiff received another confirmation from the FSA through AidVantage once again advising Plaintiff that her student loans were discharged and that her credit reports would be updated within forty-five (45) days to reflect the discharge.

41.     Finally, on or about January 8, 2025, the FSA sent an email to Plaintiff confirming that her student loans were previously discharged.

### PLAINTIFF'S DISPUTES REGARDING THE ACCOUNT

42.    During or prior to January 2023, Plaintiff discovered that her student loans were still reported on her Experian credit report and credit file with a balance by MOHELA (i.e. the Account).

43.    Plaintiff subsequently discovered that her student loans were reported on her Trans Union credit report and credit file with a balance by EdFinancial (i.e., the Account).

44.    Between January 2023 and October 2024, Plaintiff disputed Experian's reporting of the Account approximately ten (10) times, wherein Plaintiff advised Experian that the Account was discharged.

45.    Additionally, during or about October 2024, Plaintiff sent nearly identical dispute letters to Experian and Trans Union, wherein Plaintiff advised that Plaintiff student loans as reported by MOHELA and EdFinancial were discharged (hereinafter, "October Written Dispute").

46.    Plaintiff enclosed copies of the FSA's November 2022 email and AidVantage's July 2023 letter in support of her October Written Dispute.

47.    Plaintiff also enclosed copies of her Florida Driver's License, Social Security Card, and residential lease agreement in support of her disputes.

48.    Despite Plaintiff's repeated disputes, Experian and Trans Union each continued to report the Account as reported by MOHELA and/or EdFinancial with

a balance due in excess of $18,000.

49.     To be clear, the Account as reported by MOHELA and the Account as reported by EdFinancial are the same and represent the same student loans that were discharged by the FSA.

50.     On or about February 5, 2025, Plaintiff sent *another* letter to Experian and Trans Union, with the assistance of her attorneys, *again* disputing Defendants' reporting of the erroneous Account balance (hereinafter, "February Written Dispute").

51.     More specifically, Plaintiff's February Written Dispute *again* advised Defendants that Plaintiff's student loans had been discharged by the FSA and that as such, Plaintiff owed no further balance to MOHELA and/or EdFinancial.

52.     Plaintiff enclosed copies of the FSA's November 2022 email, AidVantage's July 2023 letter, the FSA's January 2025 email, Plaintiff's driver's license, and Plaintiff's social security card as proof of her February Written Dispute.

53.     Experian communicated Plaintiff's disputes to MOHELA including all enclosures.

54.     MOHELA received notice of Plaintiff's disputes from Experian.

55.     In response to Plaintiff's disputes, MOHELA purportedly verified its reporting of the Account balance to Experian.

56.     Trans Union communicated Plaintiff's disputes to EdFinancial including all enclosures.

57.     EdFinancial received notice of Plaintiff's disputes from Experian.

58.     In response to Plaintiff's disputes, EdFinancial purportedly verified its reporting of the Account balance to Trans Union.

59.     In response to Plaintiff's February Written Dispute, Trans Union and Experian each verified the incorrect balance on the Account.

60.     To date, MOHELA and EdFinancial are each still reporting the Account as having a balance on Plaintiff's Experian and Trans Union reports.

61.     Following Plaintiff's first disputes to Experian and Trans Union, Experian and Trans Union published Plaintiff's credit reports to Plaintiff's creditors and/or potential lenders and such credit reports included the inaccurate Account balance.

## **DAMAGES**

62.     As a result of Defendants' reporting of the Account, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would be denied credit as a result of the erroneous and incorrect reporting of the Account asserted as owed by her personally if she needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event she could obtain financing.

63.     As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as she believed she would not be able to

obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account with a balance past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with excessive balances due resulting in the Account being reported as an open and current financial obligation.

64.    At minimum, Plaintiff was denied credit by Net Credit, First Electronic Bank c/o Personify Financial, Wells Fargo, Pathward N.A., One Main Financial, and SBA Guaranteed Loan.

65.    Overall, Plaintiff suffered damage to her reputation as a result of Defendants' conduct.

66.    Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that she did not owe a balance on her discharged student loan Account including supplying Defendants with supporting documentation, Plaintiff must simply endure Defendants' reporting of the Account.

67.    Plaintiff retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

**COUNT ONE**
**FAIR CREDIT REPORTING ACT –**

## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
### (As to MOHELA and EdFinancial Only)

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

68.     MOHELA and EdFinancial are each subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and Trans Union remove the Account balance from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

69.     As described above, the FSA absolved Plaintiff of any balance on the Account by discharging Plaintiff's student loans no later than November 2022.

70.     As such, it is materially misleading for MOHELA and EdFinancial to continue to report Plaintiff as owing a balance on the Account despite Plaintiff's repeated disputes.

71.     Despite MOHELA and EdFinancial receiving notice of Plaintiff's disputes from Plaintiff, Experian, and Trans Union —including the information and documents referenced in the above paragraph—MOHELA and EdFinancial willfully and/or negligently failed to request that Experian and Trans Union remove the balance on the Account and continued to report incorrect information to Experian

14

and Trans Union including a significant balance due.

72.    MOHELA and EdFinancial's credit reporting is materially misleading.

73.    MOHELA and EdFinancial's re-investigations were not conducted in good faith.

74.    MOHELA and EdFinancial's re-investigations were not conducted reasonably.

75.    MOHELA and EdFinancial's re-investigations were not conducted using all information and documents reasonably available to MOHELA and EdFinancial.

76.    If MOHELA had conducted reasonable re-investigations, MOHELA would have recognized that Plaintiff's student loan Account was discharged and no longer owed by Plaintiff.  Instead, MOHELA continued to report an alleged balance owed by Plaintiff in excess of $18,000.

77.    If EdFinancial had conducted reasonable re-investigations, EdFinancial would have recognized that Plaintiff's student loan Account was discharged and no longer owed by Plaintiff.  Instead, EdFinancial continued to report an alleged balance owed by Plaintiff in excess of $18,000.

78.    As a result of MOHELA and EdFinancial's conduct, actions, and inactions, Plaintiff was denied credit and was not able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account

with a balance past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with excessive balances due resulting in the Account being reported as an open and current financial obligation.

79.     MOHELA and EdFinancial's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

80.     MOHELA and EdFinancial's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT TWO:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

81.     Experian and Trans Union are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning

Plaintiff.

82.     Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

83.     Specifically, despite the FSA discharging Plaintiff's student loans—meaning Plaintiff no longer owed a balance on the Account—and despite Plaintiff's repeated disputes advising Experian and Trans Union of the same, Experian and Trans Union continued to unlawfully report the Account with a balance owed in excess of $18,000, resulting in the Account being reported as an outstanding financial obligation owed by Plaintiff personally.

84.     More specifically, despite Plaintiff not owing a balance on the Account as a result of the FSA's discharge—and despite Plaintiff notifying Experian and Trans Union of the same through Plaintiff's disputes including enclosed copies of the FSA's communications—Experian and Trans Union continued to report the Account with an alleged balance due in excess of $18,000.00.

85.     Such reporting of the Account is false and evidences Experian's and Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

86.     The approximate $18,000.00 balance written-off and/or charged-off was the full balance Plaintiff allegedly owed to MOHELA and/or EdFinancial prior to the discharge.

87.     As such, it is inaccurate and/or materially misleading to report that a balance was still due at any time after November 2022.

88.     Between November 2022 and the date of this Complaint, Experian and Trans Union each generated and published Plaintiff's credit reports to Plaintiff's creditors and potential lenders including the above-referenced inaccurate, incomplete, and/or materially misleading information.

89.     Overall, Experian and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when investigating/re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Experian and Trans Union credit reports and credit file.

90.     As a result of Experian and Trans Union's conduct, actions, and inactions, Plaintiff was denied credit and was not able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account with a balance past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with excessive balances due resulting in the Account being reported as an open and current financial obligation.

91.     Experian and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

92.    Experian and Trans Union's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE - SECTION 1681i**

Plaintiff re-alleges paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

93.    Experian and Trans Union are each subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), 1681i(a)(4), and 1681i(a)(5) by: (1) failing to conduct reasonable investigations/re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; (2) failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments; and (3) failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

94.    Specifically, Experian and Trans Union willfully and/or negligently refused to properly investigate/re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

95. For example, after receiving Plaintiff's October Written Dispute, Experian and Trans Union each failed to request any documents from MOHELA and/or EdFinancial.

96. Instead, following Plaintiff's October Written Dispute, Experian and Trans Union each parroted purported verifications from MOHELA and/or EdFinancial, and continued to report the Account with a significant balance due.

97. Rather than conduct its own, independent investigation/re-investigation regarding Plaintiff's several disputes, Experian and Trans Union solely relied on MOHELA and/or EdFinancial's blanket and parroted assertions that Defendants were entitled to report the Account with a balance due following the discharge by the FSA.

98. Experian and Trans Union did not request any documents from MOHELA and/or EdFinancial corroborating information furnished and/or verified by MOHELA and EdFinancial regarding Plaintiff and the Account in response to any of Plaintiff's disputes, and Experian and Trans Union wholly ignored the documents submitted by Plaintiff with her repeated disputes.

99. Experian and Trans Union's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

100. Despite receiving Plaintiff's October Written Dispute and February Written Dispute, each of which explained that the FSA discharged Plaintiff's student loans, which provided sufficient information for Experian and Trans Union to determine that the Account must be corrected, Experian and Trans Union *continued* to

report the Account with an alleged balance due in excess of $18,000.00.

101.   As such, Experian and Trans Union's investigation/re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and Experian and Trans Union failed to subsequently correct the inaccurate information in Plaintiff's credit reports and credit files.

102.   Such reporting is false and evidences Experian and Trans Union's respective failures to conduct reasonable investigation/re-investigations of Plaintiff's repeated disputes.

103.   Experian and Trans Union's investigation/reinvestigations of Plaintiff's disputes were not conducted reasonably.

104.   Experian and Trans Union's investigation/reinvestigations merely copied, parroted, and relied upon the inaccurate Account information conveyed by MOHELA and/or EdFinancial.

105.   Experian and Trans Union's investigation/reinvestigations of Plaintiff's disputes were not conducted in good faith.

106.   Experian and Trans Union's investigation/reinvestigation procedures are unreasonable.

107.   Experian and Trans Union's investigation/re-investigations of Plaintiff's disputes were not conducted using all information and documents reasonably available to Experian and Trans Union.

108.   Experian and Trans Union's investigation/reinvestigations were *per se* deficient by reason of these failures in Experian and Trans Union's reinvestigations of

Plaintiff's disputes and the Account.

109.   As a result of Experian and Trans Union's conduct, actions, and inactions, Plaintiff was denied credit and was not able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account with a balance past-due, she did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with excessive balances due resulting in the Account being reported as an open and current financial obligation.

110.   Experian and Trans Union's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

111.   Experian and Trans Union's actions in violation of 15 United States Code, Sections 1681i(a)(1), 1681i(a)(2), 1681i(a)(4), and 1681i(a)(5) constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully request an entry of:

a.   Judgment against MOHELA, EdFinancial, Experian, and Trans Union for maximum statutory damages for violations of the FCRA;

b.      Actual damages in an amount to be determined at trial;

c.      Compensatory damages in an amount to be determined at trial;

d.      Punitive damages in an amount to be determined at trial;

e.      An award of attorney's fees and costs; and

f.      Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
11300 4th Street N., Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*